UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RONALD M. ANDERSON | CIVIL ACTION |
| VERSUS | NO. 07-2228 |
| THE STATE OF LOUISIANA ET AL. | SECTION "J" (2) |

### REPORT AND RECOMMENDATION

Plaintiff, Ronald M. Anderson, is a prisoner currently incarcerated in the Orleans Parish Prison system ("OPP"). He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against the State of Louisiana and other unidentified state officials whom he alleges were responsible for his medical care. He alleges that while incarcerated in state custody at various facilities as a pretrial detainee during and after the time of Hurricane Katrina, he has not been provided with proper medical care for a hernia, including repair surgery. Record Doc. Nos. 1 (Complaint) and 14 (Statement of Facts). He seeks monetary compensation and injunctive relief. Record Doc. No. 1 (Complaint at ¶ V).

Defendant State of Louisiana previously filed a motion to dismiss in this matter, which was denied as premature because plaintiff had not had an opportunity to identify the individual employees of the State of Louisiana who were responsible for his medical

care. Record Doc. Nos. 19, 42 and 47. Plaintiff has now been provided that opportunity and identified T. Daigrepont as an additional defendant in this matter. His submissions in this regard have been treated as a motion to amend, which is now being considered. Thus, pursuant to the Eleventh Amendment, there is no reason to hold the State as a defendant. Accordingly, this report contains a recommendation that the State of Louisiana be dismissed from this matter on Eleventh Amendment grounds.

In addition, on January 25, 2008, plaintiff's letter dated November 25, 2007 was received by the court and construed both as a motion by plaintiff for a temporary restraining order and/or for a preliminary injunction <u>and</u> a motion for leave to amend his complaint to name an additional defendant in this matter. Record Doc. No. 45. Having considered this record, I am issuing this report containing a recommendation for disposition of the portion of plaintiff's motion requesting injunctive relief pursuant to 28 U.S.C. § 636(b)(1)(B).

I.   <u>ELEVENTH AMENDMENT IMMUNITY</u>

The State of Louisiana is immune from suit for damages in federal court under the Eleventh Amendment. Sovereign immunity under the Eleventh Amendment bars actions for monetary relief in federal court against a State or state agency unless the State has consented to be sued. U.S. Const. amend. XI; <u>Pennhurst State Sch. & Hosp. v.</u>

Halderman, 465 U.S. 89, 100 (1984); Ala. v. Pugh, 438 U.S. 781, 782 (1978); Richardson v. Southern Univ., 118 F.3d 450, 452 (5th Cir. 1997).

Generally, the State of Louisiana has not waived its immunity or consented to the exercise of federal judicial power in civil actions against it. La. Rev. Stat. Ann. § 13:5106(A); Delahoussaye v. City of New Iberia, 937 F.2d 144, 147 (5th Cir. 1991). Thus, in each unsanctioned instance of federal suit, the State or its agency must affirmatively waive its Eleventh Amendment immunity. Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 305 (1990); Stem v. Ahearn, 908 F.2d 1, 4 (5th Cir. 1990).

To ensure the enforcement of federal law, however, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law. Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 437 (2004) (citing Ex parte Young, 209 U.S. 123 (1908)). This standard allows federal courts to order prospective relief and ancillary relief thereto where there exists a violation of federal law. Id. (citing Edelman v. Jordan, 415 U.S. 651 (1974); Milliken v. Bradley, 433 U.S. 267 (1977); Green v. Mansour, 474 U.S. 64, 71-73 (1985)).

Plaintiff has now identified an individual state officer whom he seeks to add as a defendant in this matter, Thus, for the foregoing reasons, IT IS RECOMMENDED that the State of Louisiana be dismissed as a defendant in this matter under the Eleventh Amendment.

II.     MOTION FOR RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION

As to his request for injunctive relief, plaintiff alleges in his motion that "Dr. Gore and/or his subordinate medical doctors has sought to impede, infringe and deny this plaintiff proper medical care for a hernia, including possible surgery throug[h] a repetition of examinations for, . . prostrate (sic) cancer; thereby circumventing the grave issue of proper medical care for hernia, including possible surgery."  Record Doc. No. 45 at pp. 1 and 2.  In his affidavit attached to the motion, plaintiff states that he has been subjected to "several examinations for prostrate (sic) cancer and it is likely this type of repeated unnecessary medical 'call outs' or 'sick calls,' which I do not request[,] are likely to continue in order to circumvent treatment for a very painful hernia, including possible surgery, . . if this motion is not granted."  Id. at p.3.

Plaintiff seeks injunctive relief in the form of an order preventing "the Medical Department, i.e. Dr. Gore and/or his staff or agents from the administration of any and all medical treatment which I, myself, do not make a written request for: with the singular exception of an [e]mergency situation where I am unconscious and therefore unable to make such [r]equest."  Id. at p.1.

According to Rule 65(b) of the Federal Rules of Civil Procedure, a party seeking a temporary restraining order and/or preliminary or permanent injunction must set forth "specific facts shown by affidavit or verified complaint" that show that the moving party

will suffer irreparable injury before a hearing on the matter may be held.  A temporary restraining order and preliminary injunction are extraordinary equitable remedies that may be granted only if plaintiff establishes four essential elements:  (1) a substantial likelihood of success on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause defendants; and (4) that the injunction will not disserve the public interest.  Sugar Busters LLC v. Brennan, 177 F.3d 258, 264 (5th Cir. 1999).  The requisite showing is "a substantial threat of irreparable injury if the injunction is not issued."  DSC Commc'ns Corp. v. OGI Techs., Inc., 81 F.3d 597, 600 (5th Cir. 1996) (emphasis added).

Applying the foregoing legal standards to the facts he alleges, plaintiff's written submissions and the record to date establish that he is not entitled to a temporary restraining order or preliminary injunction at this time.  Although plaintiff's submissions allege that defendants have subjected him to medical treatment for prostate cancer which he feels has impeded his medical care, including surgery, for a hernia, Anderson has not established that any resulting injury he may suffer would be irreparable.  In fact, his written submissions contradict any such finding.  For example, Anderson states that he has undergone a "repetition of examinations" for prostate cancer.  In other words, plaintiff's own submissions establish that his physical problems are being treated at the

5

jail. Plaintiff's written submissions have been received and are actively being considered by the court. The delays in scheduling plaintiff's hernia repair surgery and the testing of plaintiff for prostate cancer have been the subject of numerous court orders requiring plaintiff's transport to medical appointments and submission to the court of written reports concerning those appointments. Record Doc. Nos. 35, 36, 37, 39, 41, 43, 49 and 50. Plaintiff's medical examinations and other treatment are currently ongoing and not yet concluded. Any cognizable injury that he may suffer as a result of defendants' alleged or anticipated actions may adequately be remedied through the ordinary judicial process without need for a preliminary or permanent injunction or temporary restraining order.

At this time, it also cannot be concluded that plaintiff's complaint presents "a substantial likelihood of success on the merits." Id. Although plaintiff's allegations must be accepted as true for the initial screening process required for such cases, 28 U.S.C. § 1915A; Martin v. Scott, 156 F.3d 578 (5th Cir. 1998), no such requirement applies to his request for injunctive relief. In light of plaintiff's ongoing medical treatment, clearly reflected in the record of this case, Anderson has not alleged that a violation of his clearly established constitutional rights requiring preliminary injunctive relief has occurred. Injunctive relief interfering with the administration of prison functions, including the

exercise of medical judgment concerning plaintiff's ongoing care, without justification, would disserve the public interest.

For all of these reasons, a temporary restraining order or other preliminary or permanent injunctive relief is inappropriate at this time, and plaintiff's motion should be **DENIED**.

## RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that defendant, the State of Louisiana, be DISMISSED from this matter because plaintiff's claims against the State are barred by the Eleventh Amendment.

**IT IS FURTHER RECOMMENDED** that plaintiff's motion for a preliminary or permanent injunction and/or a restraining order be **DENIED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal

conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

      New Orleans, Louisiana, this __9th__ day of May, 2008.

                             JOSEPH C. WILKINSON, JR.
                          UNITED STATES MAGISTRATE JUDGE